UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE L. JONES,<br>　Plaintiff, | )<br>)<br>) |
| vs. | )　　　No. 20-4062<br>) |
| MITCHELL LEE,<br>　Defendant. | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Rock Island Jail Captain Mitchell Lee violated his constitutional rights when he opened Plaintiff's legal mail. Plaintiff says on January 10, 2020, he received a letter from the Illinois Prisoner Review Board which had already been opened. Plaintiff filed a grievance and the Defendant responded. Defendant Lee admitted he had opened the letter, but said "it was a mistake and it will not happen again." (Comp., p. 5). The response to Plaintiff's grievance also notes "we both agreed the letter was not specific in nature stating legal mail." (Comp., p. 9).

The next month, Plaintiff received two letters from the United States District Court and both were opened. Plaintiff again complained to Defendant Lee who stated "post 8 did it on mistake." (Comp., p. 5).

Plaintiff filed a grievance and the responding officer informed Plaintiff the two letters were not legal mail. Instead, the officer noted both letters clearly stated they were from the Clerk of the Court.

> In accordance with Illinois County Jail Standards Section 701.180(b)(2), all incoming, nonprivileged mail will be opened and inspected for contraband prior to delivery. Incoming privileged mail marked LEGAL MAIL will be in the presence of the detainee and inspected for contraband. (Comp., Grv. Resp., p. 8).

The response also provided a copy of the applicable rules and pointed to the section which defined privileged mail as mail from clerks of courts and the Illinois Prisoner Review Board. (Comp., p. 8).

Plaintiff has failed to articulate a violation of his constitutional rights based on the opening of the letters identified in his complaint. *See Arbing v. Page*, 1993 WL 113711, at *2 (7th Cir. 1993)("inmate rights are not violated when official court mail is opened outside the presence of the inmate-recipient."); *see also Williams v. Jaimet*, 2018 WL 2684470, at *5 (S.D.Ill. June 5, 2018)("Mail between an inmate and a court generally does not qualify as privileged legal mail, and inspection of such material outside the presence of the inmate would not amount to a constitutional violation."); *Harrison v. County of Cook,* 2009 WL 10700356, at *2 (N.D.Ill. Feb. 18, 2009)("mail from a court to a prisoner does not constitute 'legal' mail, and may be opened outside the presence of the inmate."); *Mann v. Green*, 2006 WL 2792863, at *6 (E.D.Wis. Sept. 28 ,2006)("Mail to an

inmate from a court, however, is not considered to be privileged mail that must be opened in the inmate's presence.").

The Court also notes even if the letters were considered legal mail, "'isolated incidents of interference with legal mail' may not state a constitutional violation without a showing of 'a systematic pattern or practice of interference.'" *Ezebuiroh v. Doe 1*, 2020 WL 2418076, at *2 (S.D.Ill. May 12, 2020), *quoting Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987).

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. ([4], atty).

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 18th day of June, 2020.

                                          s/ James E. Shadid
                            _____
                                        JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE